**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BOULDER RIVER CAPITAL CORPORATION AND SPECULATOR CAPITAL CORPORATION, | Civil Action No. 1:20-cv-516 |
| *Plaintiffs*, | **Jury Demanded** |
| v. | |
| NANO GLOBAL CORP., | |
| *Defendant.* | |

**COMPLAINT FOR BREACH OF CONTRACT**

Plaintiffs Boulder River Capital Corporation and Speculator Capital Corporation ("Plaintiffs") bring suit against Defendant Nano Global Corp. ("Defendant" or "Nano") and allege as follows.

**Parties**

1.      Plaintiff Boulder River Capital Corporation ("Boulder River") is a New York corporation and the holder of one of the Convertible Promissory Notes at issue in this suit. Plaintiff Speculator Capital Corporation ("Speculator Capital") is a New York corporation and the holder of the other Convertible Promissory Note at issue in this suit.  Joinder of Boulder River and Speculator Capital as co-plaintiffs is proper because Plaintiffs assert a right to relief severally with respect to or arising out of the same the same transaction, occurrence, or series of transactions or occurrences.  The two Convertible Promissory Notes at issue in this case were issued by Defendant on the same date and as a result of the same series of investment offers and representations about Nano made by Defendant Nano to Plaintiffs' common representative.  The notes are also identical in their terms, other than the amounts of principal.  The failure of Nano to

perform its obligations under the notes to make repayment to Plaintiffs also arises from the same series of events, including Nano's claimed lack of funds and the activities that led to that purported condition.  Accordingly, Plaintiffs' claims involve common questions of law and fact.

2.      Defendant Nano Global Corp. is a Delaware corporation with offices located at 1705 Guadalupe Street Suite 400 Austin, Texas 78701-1272.  Defendant is the issuer of the Convertible Promissory Note at issue in this suit.  Defendant can be served by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### Jurisdiction & Venue

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over Defendant Nano.  Nano's principal place of business is located within this district.  In addition, Nano consented to the jurisdiction of "the United States Federal Courts of the United States for the Western District of Texas for the purpose of any action or proceeding arising out of or relating to" the Convertible Promissory Notes at issue in this suit.  Exhibit A § 8.7; Exhibit B § 8.7.

5.      Venue is proper in this judicial district under 28 USC § 1391.  In addition, Nano agreed to venue in this Court.  *Id.*

### Factual Allegations

6.      On September 6, 2019, in consideration of Plaintiffs' provision of funds, Defendant issued two Convertible Promissory Notes: (1) a Convertible Promissory Note to Boulder River in which Defendant unconditionally promised to pay Boulder River the principal sum of $1,750,000 (one million seven hundred and fifty thousand dollars), along with accrued interest at a contractually agreed interest rate of 4.25% per annum (the "Boulder River Note"), Exhibit A; and (2) a Convertible Promissory Note to Speculator Capital in which Defendant

2

unconditionally promised to pay Speculator Capital the principal sum of $250,000 (two hundred and fifty thousand dollars), along with accrued interest at a contractually agreed interest rate of 4.25% per annum (the "Speculator Capital Note").  Exhibit B.

7.      Payment of the outstanding principal and accrued interest of both the Boulder River Note and the Speculator Capital was "due and payable on the earlier of (i) December 31, 2019 ('Maturity Date'); (ii) the closing of a Qualified Financing as defined below; and (iii) the occurrence of an Event of Default as defined below."  Ex. A § 1 (underline in original); Ex. B § 1 (underline in original).  The entire principal and all accrued interest under both notes became due and payable on the Notes' Maturity Date, December 31, 2019.

8.      Despite demands from Plaintiff, Defendant has yet to remit to Plaintiff any portion of the amounts that became due and payable December 31, 2019, leaving an unpaid sum of $2,000,000 in principal plus interest at 4.25% per annum that is continuing to accrue.

## Count One – Breach of Contract (asserted by Boulder River)

9.      Plaintiff Boulder River incorporates by reference the allegations of the foregoing paragraphs of this complaint and further alleges as follows.

10.     Boulder River is the legal owner and holder of the Boulder River Note and is entitled to receive all payments due under the terms of that note.  Defendant Nano Global Corp. is the issuer of the Boulder River Note.  The Boulder River Note constitutes a valid, legally binding, and enforceable contract between Boulder River and Defendant.

11.     Any and all conditions precedent to recovery by Boulder River under the Boulder River Note, or to the filing this action, have been performed or have occurred.

12.     On December 31, 2019, the principal amount of $1,750,000 and all accrued interest became due and payable to Plaintiff Boulder River from Defendant under the Boulder River Note.

13.     Defendant has failed to perform and is in breach of its obligations to pay the amounts due under the Boulder River, which failure has damaged and will continue to damage Plaintiff Boulder River.

### Count Two – Breach of Contract (asserted by Speculator Capital)

14.     Plaintiff Speculator Capital incorporates by reference the allegations of paragraphs 1-8 above and further alleges as follows.

15.     Speculator Capital is the legal owner and holder of the Speculator Capital Note and is entitled to receive all payments due under the terms of that note.  Defendant Nano Global Corp. is the issuer of the Speculator Capital Note.  The Speculator Capital Note constitutes a valid, legally binding, and enforceable contract between Speculator Capital and Defendant.

16.     Any and all conditions precedent to recovery by Speculator Capital under the Speculator Capital Note, or to the filing this action, have been performed or have occurred.

17.     On December 31, 2019, the principal amount of $250,000 and all accrued interest became due and payable to Plaintiff Speculator Capital from Defendant under the Speculator Capital Note.

18.     Defendant has failed to perform and is in breach of its obligations to pay the amounts due under the Speculator Capital Note, which failure has damaged and will continue to damage Plaintiff Speculator Capital.

### Jury Demand

19.     Plaintiffs demands trial by jury of all issues.

### Relief Requested

Plaintiffs request that the Court enter judgment for the Plaintiffs and against Defendant for the following:

A.     Compensatory damages in the amount of $2,000,000, plus interest in the amount

of 4.25% per annum;

B.     Costs of suit;

C.     Prejudgment and post-judgment interest at the maximum legal rate; and

D.     Any and all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**BURGESS LAW PC**
515 Congress Avenue, Suite 1900
Austin, Texas 78701-3526
Telephone: (512) 482-8808
Facsimile: (512) 900-6325
Email: kburgess@burgesslawpc.com

Signed May 13, 2020

By: */s/ Karen C. Burgess*       _
     Karen C. Burgess
     State Bar No. 00796276

Of Counsel:

John Jeffrey Eichmann
CA State Bar No. 227472
(*pro hac vice* application forthcoming)
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: jeff@dovel.com

**ATTORNEYS FOR PLAINTIFFS BOULDER
RIVER CAPITAL CORPORATION AND
SPECULATOR CAPITAL CORPORATION**